### No. 5966.

### MRS. E. J. LAVERGNE VS. CITY OF NEW ORLEANS.

The law prescribes the necessary formalities to recover a tax-judgment. The advertisement of the tax-bills is sufficient notice. Plaintiff has never sold or disposed of the property. It was assessed in the name in which she acquired it. Her second husband was not a necessary party. The proceedings are regular.

The objection as to the area of the lot is of no importance, at least to plaintiff. If the sheriff sells more than she owns, she will not be injured.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins*, J. *Julien Michel*, for plaintiff and appellant. *Samuel P. Blanc*, for defendant and appellee.

WYLY, J. Plaintiff appeals from the judgment dissolving the injunction sued out by her to restrain the execution of certain tax-judgments which the city of New Orleans recovered against her.

The grounds for the action are:

First—That she was not legally cited;

Second—That her husband was not made a party;

Third—That the notices of seizure were not served on her in her name;

Fourth—That the advertisement of the sale was not made in her name;

Fifth—That the measurement of the property described in said advertisement is not correct, and far exceeds the real area of said property.

The main objection is that the assessments, the publication of the tax-bills, the judgments, the notices of seizures, and the advertisements—indeed, the whole proceedings—were conducted in the name of Widow Maloncey Soniat Dufossat, in whose name the title on the public records

'678                    SUPREME COURT OF LOUISIANA,

Mrs. E. J. Lavergne vs. City of New Orleans.

·appears, notwithstanding the fact that this lady had previously married a second time, and her present husband, Jules Lavergne, was not made a party. There is no force in this objection.

The law prescribes the necessary formalities to recover a tax-judgment. The advertisement of the tax-bills is sufficient notice. Plaintiff ·has never sold or disposed of the property. It was assessed in the name in which she acquired it. Her husband was not a necessary party. The proceedings are regular. The objection as to the area of the lot is of no importance, at least to plaintiff. If the sheriff sells more than she owns, she will not be injured.

Judgment affirmed.

Rehearing refused.